UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS MORALES,

                Petitioner,

v.

WILLIAM A. LEE, Superintendent,

                Respondent.

09 Civ. 9280 (RO)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/11

**ORDER**

OWEN, District Judge:

    *Pro se* Petitioner Luis Morales filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his guilty plea to one count of Criminal Sexual Act in the First Degree (N.Y. Penal Law § 130.50(1)) and one count of Burglary in the Second Degree (N.Y. Penal Law § 140.20(2)). Petitioner claims that his guilty plea was not knowing, intelligent, and voluntary because he was sentenced to a prison term of twenty-five years to life, whereas he pled guilty in reliance upon a promise of a twenty-five year determinate prison sentence.

    On January 11, 2011, Magistrate Judge Theodore H. Katz issued a Report and Recommendation (the "Report") in which he recommended that the petition be dismissed with prejudice. (Docket Entry No. 10.) Petitioner requested an extension of time to file objections to the Report, which this Court granted. (Docket Entry No. 11.) Petitioner filed a motion to stay the proceedings, which Magistrate Judge Katz denied on March 2, 2011, finding that Petitioner had presented no basis to stay the proceeding. (Docket Entry No. 13.)

    United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. In

1

reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1); *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). A district court judge, in making a *de novo* determination, has discretion in the weight placed on proposed findings and recommendations and may afford a degree of deference to the Report and Recommendation. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980). Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). Objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *See Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1, 2002 U.S. Dist. LEXIS 18270 (S.D.N.Y. Sept. 30, 2002). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error.

This standard of review must be applied while remaining cognizant of the court's obligation to construe a *pro se* litigant's submissions liberally in the light that they raise the strongest possible arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)(citations omitted).

The Court has reviewed the Report and Recommendation of Magistrate Judge Katz, and finds that it is thorough, well-reasoned, and supported by law. This Court concurs with the Report and Recommendation and hereby adopts it, in its entirety, as the Order of this Court. Accordingly, the petition for a writ of habeas corpus is hereby DISMISSED with prejudice.

Furthermore, Petitioner has not made a substantial showing of a denial of a federal right, and as such, a certificate of appealability shall not issue. Any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

September 29, 2011

RICHARD OWEN
UNITED STATES DISTRICT JUDGE